IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**A.H. and J.H.**                                                                                        **PLAINTIFFS**

**v.**                                                         **CAUSE NO. 1:22-cv-230-LG-RPM**

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE**                                           **DEFENDANTS**
**COMPANY, et al.**

### MEMORANDUM OPINON AND ORDER
### GRANTING PLAINTIFFS' MOTION TO REMAND

**BEFORE THE COURT** is the [5] Motion to Remand filed by Plaintiffs, A.H. and J.H. The Motion to Remand is opposed by Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Plaintiffs' Motion to Remand should be granted.

### BACKGROUND

Plaintiffs, A.H. and J.H., minors, filed this lawsuit in the Chancery Court of Jackson County, Mississippi, on July 3, 2022. (Compl., ECF No. 1-1). The lawsuit alleges that the minor Plaintiffs were involved in a motor vehicle accident which resulted in previous litigation. Plaintiffs were then represented by attorney Ralph King. (*Id.* ¶¶ 1-7). King "accepted a settlement on behalf of A.H. and J.H., in the amounts of $10,781.88 and $4,235.24, respectively" from State Farm. (*Id.* ¶ 7). Plaintiffs claim that "[t]he acceptance of these offers was never communicated to the minors nor the minors' parents," and that "King was not authorized to accept either settlement." (*Id.* ¶¶ 8-9). According to Plaintiffs, King "deposited the

settlement checks from State Farm into his bank account," after which he "never turned over any funds to the minors" and "kept the settlement money for himself." (*Id.* ¶¶ 10-12). Reportedly, neither King nor State Farm ever obtained approval from the Chancery Court for these settlements. (*Id.* ¶ 25). Plaintiffs allege that Defendant State Farm is now liable once again for the settlement, stating: "State Farm must now pay the settlements again for and on behalf of the minors." (*Id.* ¶ 29). Additionally, says the Complaint, "[d]ue to their intentional and willful conduct, State Farm should pay all attorney's fees, costs, prejudgment and post judgment interest, and expenses plus punitive damages for the failure to obtain Chancery Court approval." (*Id.* ¶ 30).

Defendant removed the case to this Court on August 30, 2022, citing the Court's diversity jurisdiction. (Not. Removal ¶ 7, ECF No. 1). In its removal notice, Defendant claimed: "Given the nature and extent of Petitioners' allegations regarding the underlying settlements totaling $15,017.12 as well as punitive damages, attorneys fees, and prejudgment interest, the 'matter in controversy' clearly exceeds the $75,000 jurisdictional limit of this Court." (*Id.* ¶ 10) (citing *Montgomery v. First Family Fin. Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002)). On September 25, 2022, Plaintiffs filed their [5] First Motion to Remand, arguing that the Court lacks subject-matter jurisdiction due to a deficient amount in controversy. (Mot. Remand, ECF No. 5). Defendant [8] responded to the Motion, but Plaintiffs did not reply.

**DISCUSSION**

I. **Motion to Remand Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. . . . Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted).

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Generally, in cases where an exact amount has been pled, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *see also Nat. Union Fire Ins. Co. of Pittsburgh v. Russell,* 972 F.2d 628, 630 (5th Cir. 1992) (holding that the amount in controversy is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith). However, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was

-3-

legally certain not to be able to recover that amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n. 14 (5th Cir. 1995).

## II. Amount in Controversy

In their [5] Motion, Plaintiffs argue that the amount of controversy is lacking in this matter. The Complaint states a claim for $15,017.12, but Plaintiffs add to this demand "attorney's fees, costs, prejudgment and postjudgment interest, and expenses plus punitive damages for the failure to obtain Chancery Court approval." (Compl. ¶ 30, ECF No. 1-1). Still, Plaintiffs claim:

> This case value is less than $75,000.00. As this Court can see, the amount in controversy is $15,017.12, per the plaintiffs' Complaint. Even if the Chancery Court were to award three times the damages (as a punitive measure), this will still put the case at a $45,051.36 value, not including attorney fees. If we estimate attorney fees to be approximately $10,000.00, we are still at a $55,051.36 total value. Of course, this is assuming the Chancery Court even awards attorney fees or some sort of punitive measure. This is far below the minimum threshold to invoke federal jurisdiction. See 28 U.S.C. §1446.

(Mem. Supp. Pls.' Mot. Remand ¶ 11, ECF No. 6).

Put otherwise, Plaintiffs argue that the "object of the litigation" is less than $75,000.00. (*Id.* ¶¶ 20-27) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("It is well established that the amount in controversy is measured by the value of the object of the litigation."). Further, Plaintiffs attach an Affidavit of the mother of the minor children, who "stipulate[s] that the total damages, including costs, expenses, and/or attorney's fees is an amount not to exceed $74,500.00." (Aff., at 1, ECF No. 6-1). Plaintiffs "further stipulate that the total damages, including costs, expenses, and/or attorney's fees is an amount not to exceed $74,500.00 and the plaintiffs agree to be bound to this amount." (*Id.*).

Plaintiffs describe their injuries as soft tissue and state that they recovered only a few weeks after the incident with some physical therapy but no serious medical treatment. (*Id.*).

"[T]he federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)); *see also Durbois v. Deutsche Bank Nat'l Trust Co.*, 37 F.4th 1053, 1060-61 (5th Cir. 2022) (remanding case based on a stipulation which was attached to the plaintiff's state court petition). However, post-removal affidavits are treated somewhat differently, because "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Thus, "[w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Webb v. Walmart Inc.*, No. 1:18CV397-LG-RHW, 2019 WL 576006, at *2 (S.D. Miss. Feb. 12, 2019) (citing *Gebbia*, 233 F.3d at 883 and *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds, *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)). However, "if it is

facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883.

Here, the Court first finds that the Complaint leaves the amount in controversy ambiguous. The Court begins with the underlying sum demanded by Plaintiffs, namely the money allegedly stolen by former counsel. Specifically, the Complaint alleges that Plaintiffs' former lawyer misappropriated settlement funds and demands that Defendant "pay the settlements again for and on behalf of the minors." (Compl. ¶ 29, ECF No. 1-1). The settlement figure is said to be $15,017.12 (*Id.* ¶ 7), which is well below the jurisdictional requisite.

Notably, Plaintiffs add that "[d]ue to their intentional and willful conduct, State Farm should pay all attorney's fees, costs, prejudgment and postjudgment interest, and expenses plus punitive damages for the failure to obtain Chancery Court approval." (*Id.* ¶ 30). However, this request still does not unambiguously lift the amount in controversy above the jurisdictional threshold. *See ASR Nationwide, LLC v. Begay*, No. 5:10CV194-DCB-JMR, 2011 WL 2183318, at *3 (S.D. Miss. June 6, 2011) (citing *Blaylock v. Mut. N.Y. Life Ins. Co.*, 228 F. Supp. 2d 778, 784-86 (S.D. Miss. 2002) and *Thrash v. New England Mut. Life Ins. Co.*, 534 F. Supp. 2d 691, 693 (S.D. Miss. 2008) as cases in which the question of damages was ambiguous from the face of the complaint even with the inclusion of punitive or other damages). The Court may thereby licitly consider the post-removal affidavit offered by Plaintiffs'

mother, whereby Plaintiffs "stipulate that they do not seek to recover a sum greater than $74,500.00," "stipulate that the total damages, including costs, expenses, and/or attorney's fees is an amount not to exceed $74,500.00," and "agree to be bound to this amount." (Aff., at 1, ECF No. 6-1). The Court finds that this language is binding on Plaintiffs. *See McNamee v. Alfa Mut. Gen. Ins. Co.*, No. 3:17CV496-DCB-LRA, 2018 WL 386763, at *1 (S.D. Miss. Jan. 11, 2018) ("A post-removal affidavit is binding if, in it, the plaintiff renounces her ability to recover more than the jurisdictional minimum in state court. . . . In her affidavit, McNamee swears that she neither seeks nor will accept a sum exceeding the jurisdictional minimum. . . . This statement is binding.") (citations omitted).[1]

In sum, "[g]iven the Plaintiff's binding stipulation regarding damages, the Court finds that it may consider the stipulation in determining the amount in controversy, and hereby finds that amount in controversy in this matter $75,000.00 or less, and thus the requirements for federal diversity jurisdiction are not present." *Jolly v. Allstate Property & Cas. Ins. Co.*, No. 1:20CV184-GHD-DAS, 2022 WL 2821541, at *2 (S.D. Miss. July 19, 2022).

Moreover, even where a "Plaintiff might be entitled to recover punitive damages and attorneys fees, . . . 'the preponderance burden forces the defendant to

---

[1] The affidavit "operates as a judicial admission precluding [Plaintiffs] from seeking or recovering damages greater than the jurisdictional minimum in state court." *Id.* (citing *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 775 n. 3 (5th Cir. 2001) ("We agree with the judge's view that the affidavits preclude Arnold and Vining from seeking damages in excess of that amount in state courts either as a judicial admission, judicial estoppel or a matter of preclusion.").

do more than' prove that Plaintiff 'might' recover more than $75,000.00 – it means that Defendant 'must produce evidence that establishes that the actual amount in controversy exceeds' $75,000.00." *Miller v. Mbna Am. Bank, N.A.*, No. 2:06CV68-KS-MTP, 2006 WL 8453954, at *2 (S.D. Miss. Aug. 28, 2006) (considering a post-removal stipulation that damages are less than the jurisdictional amount and quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

To that end, "[a]s this Court and others have noted, due process limits the ratio of punitive damages to compensatory damages to the single digits." *Webb*, 2019 WL 576006, at *2 (citing *S&S Pharm. v. Xerox Audit & Compliance Sols.*, No. 1:16CV269-LG-RHW, 2016 WL 4536882, at *2 (S.D. Miss. Aug. 30, 2016); *Bridges v. Freese*, 122 F. Supp. 3d 538, 551 (S.D. Miss. 2015); *Pacific Mut. Life Ins. v. Haslip*, 499 U.S. 1, 23-24 (1991) (stating that a punitive damages award of more than four times the amount of compensatory damages "might be close to the line of constitutional impropriety")). "The facts alleged in this case warrant a 'more rigorous mode of analysis' than applying a blanket rule that merely invoking punitive damages will satisfy the amount in controversy requirement. . . The 'small-dollar' compensatory damage claim apparently at issue is unlikely to support a punitive damages award that would bring the total above $75,000." *Webb*, 2019 WL 576006, at *2 (citing *Bridges*, 122 F. Supp. 3d at 549). The Court finds the same here. Given an underlying settlement totaling $15,017.12, four times that amount remains well below the jurisdictional minimum. *See S&S Pharmacy, Inc.*, 2016 WL 4536882, at *2 (finding similarly). Defendant has not shown to a

preponderance of the evidence that additional damages will be of such a size that it raises the total beyond $75,000.

Thus, both the clarificatory post-removal affidavit signed by Plaintiffs' mother and the Defendant's failure to establish the amount in controversy by a preponderance of the evidence lead the Court to conclude that it is without subject-matter jurisdiction. The case must therefore be remanded to the Jackson County Chancery Court whence it came.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [5] Motion to Remand filed by Plaintiffs, A.H. and J.H., is **GRANTED**. This cause is **REMANDED** to the **CHANCERY COURT OF JACKSON COUNTY, MISSISSIPPI**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the Clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 8th day of May, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE